# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARK A. ROBINSON,** : | |
| Plaintiff, : | |
|  : | **CIVIL ACTION NO. 3:08-0924** |
| v. : | |
|  : | **(MUNLEY, D.J.)** |
|  : | **(MANNION, M.J.)** |
| **FRANKLIN J. TENNIS; JOEL S. DICKSON; LYNN EATON; JEFFREY RACKOVAN; AND SHARON M. BURKS,** : | |
| Defendants. : | |

## REPORT AND RECOMMENDATION[1]

Pending before the court is defendant Tennis, Dickson, Eaton, Rackovan and Burks' motion for summary judgment. (Doc. No. 41). For the reasons set forth below, the court will recommend that defendants' motion for summary judgment be **GRANTED**.

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

## I. FACTS AND PROCEDURAL BACKGROUND[2]

In May of 2006, plaintiff Mark Robinson was confined at the State Correctional Institution at Rockview ("SCI-Rockview"), and employed in the prison's kitchen. (Doc. No. 42 at ¶1). On May 23, 2006, while working in the kitchen, plaintiff spoke to Ms. Johnson, a female staff member at SCI-Rockview who was employed in the kitchen. *Id.* at ¶2. Specifically, plaintiff allegedly told her: "I just wanted to look at you and tell you how beautiful you are" and "We can get something started between us." (Doc. No. 1 at 5).

At SCI-Rockview, it is against prison rules for inmates to have social or romantic relationships with employees or to solicit such relationships. (Doc. No. 42 at ¶6). As such, Ms. Johnson reported plaintiff's comments to her supervisor and, on the same day, plaintiff was issued Misconduct #A902830, which charged him with sexual harassment. (Doc. No. 1 at 5). As a result of Ms. Johnson's complaint, Robinson was placed in Administrative Custody pending an investigation, and a hearing relating to the misconduct. *Id.*

The misconduct hearing on plaintiff's sexual harassment charge was

---

[2] The court has compiled the following facts by which to assess the motion for summary judgment from the plaintiff's complaint and attached exhibits, defendants' statement of undisputed material facts and plaintiff's statement of disputed material facts. (Doc. No. 1; Doc. No. 42; Doc. No. 46),

2

held on May 26, 2006. (Doc. No. 1 at 7). At the hearing, plaintiff pled guilty to the sexual harassment charge and, therefore, he was given sixty days in disciplinary custody for his offense. *Id.* As a consequence of his misconduct and admission to guilt, plaintiff lost his job in the kitchen and was also considered to be a threat to the female kitchen staff as well as to the institution. (Doc. No. 42 at ¶12).

On May 13, 2008, plaintiff commenced this civil rights action pursuant to 42 U.S.C. §1983 by filing a complaint, along with fifty-three pages of grievances and various requests he had made to staff members at SCI-Rockview. (Doc. No. 1). Plaintiff alleges that (1) on May 23, 2006, the culinary instructor at SCI-Rockview made a mistake in issuing him a misconduct, and that (2) defendants Dickson, Eaton and Rackovan classified him as a "threat and risk" without giving him a hearing. *Id.* at 2. Plaintiff takes issue with his classification as a "threat and risk" because it severely limits his ability to receive a sentence commutation and it prevents him from obtaining an institutional job. *Id.* at 3. Plaintiff also takes issue with the fact that he was not transferred to another institution after he completed serving time in the Restrictive Housing Unit as he was still viewed as a "threat and risk." *Id.* Finally, plaintiff's exhibits indicate that he takes issue with the processing of

his grievances as well as the results of his grievances at SCI-Rockview. *Id.* at 2. Consequently, plaintiff seeks compensatory damages and injunctive relief. *Id.* at 4.

On May 31, 2009, defendants filed a motion for summary judgment that was accompanied by a statement of undisputed material facts and a brief in support. (Doc. No. 41, Doc. No. 42, Doc. No. 49). On June 9, 2009, plaintiff filed a "Motion in Opposition to Defendant's Motion for Summary Judgment" and a "Statement of Disputed Material Facts." (Doc. No. 45; Doc. No. 46).

## II.   STANDARDS

### A. Summary Judgment

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive

4

law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Aetna Casualty & Sur. Co. v. Ericksen*, 903 F. Supp. 836, 838 (M.D. Pa. 1995). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249; *see also Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323-24. The moving party can discharge the burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003); *see also Celotex*, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient

evidence to support a jury verdict in its favor. *Boyle v. County of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998)* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986)). However, if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 322-23; *Jakimas v. Hoffman La Roche, Inc.*, 485 F.3d 770, 777 (3d Cir. 2007). Where, for example, the non-movant opposes summary judgment merely by standing on its own pleadings, and offers no other evidence in regard to a contested material fact, then the movant's motion will be granted. *See First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968) ("What Rule 56(e) does make clear is that a party cannot rest on the allegations contained in his complaint in opposition to a properly supported summary judgment motion made against him."); *Arnold Pontiac-GMC, Inc. v. General Motors Corp.*, 786 F.2d 564, 575 (3d Cir. 1986).

**B. Standard of Review of Substantive Law Under 42 U.S.C. §1983**

Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the

6

> District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Section 1983 creates no substantive rights, but rather allows a plaintiff to vindicate violations of rights created by the United States Constitution or federal law. *Baker v. McCollan*, 443 U.S. 137, 145 n.3 (1979); *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006).

### III. LEGAL ANALYSIS

Defendants have raised various legal arguments as to why they are entitled to summary judgment on the claims raised by plaintiff. The court will consider these arguments below.[3]

---

[3] Because the court ultimately finds that plaintiff has failed to allege any constitutional violation, the court need not address defendant Tennis' argument that he is entitled to summary judgment because there are no allegations showing his involvement in unlawful conduct.

7

### A. Classification Claims

Defendants argue that to the extent plaintiff asserts a due process claim for his classification as a "threat and risk," without a hearing, his due process claim must fail because he has no constitutionally protected right to a particular classification. The court agrees. It has long been held that an inmate has no constitutionally protected liberty interest in his place of confinement, transfer, or classification, or in the particular modes or features of confinement. *Sandin v. Conner*, 515 U.S. 472, 483 (1995); *see also Brown v. Hogsten*, 2006 U.S. Dist. LEXIS 49133, at *4 (M.D. Pa. July 19, 2006) ("The Constitution does not confer inmates a liberty interest in retaining or receiving any particular security or custody status."); *Oden v. Caison*, 892 F. Supp. 111, 111 (E.D. Pa. 1995) (same). As such, the court recommends that summary judgment be granted in favor of defendants to the extent plaintiff takes issue with his security classification at SCI-Rockview.

In addition, to the extent plaintiff intends to raise a procedural due process claim because he did not receive a hearing prior to being classified as a "threat and risk," this theory fares no better for plaintiff. Procedural due process rights are triggered by a deprivation of a legally cognizable interest, and such a deprivation occurs when the prison imposes atypical and

8

significant hardship on the inmate in relation to the ordinary incidents of prison life. *Young v. Beard*, 227 Fed. Appx. 138, 141 (3d Cir. 2007) (quoting *Mitchell v. Horn*, 318 F.3d 523, 531 (3d Cir. 2003)); *see also Sandin*, 515 U.S. at 484. "Atypical and significant" is generally ascertained "by what a sentenced inmate may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law." *Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997). Because the court does not find that plaintiff has a protectable liberty interest in not being classified as a "risk and threat," plaintiff's procedural due process claim must fail. *See Brown*, 2006 U.S. Dist. LEXIS 49133, at *4.

### B. Employment Related Claims

Defendants argue that to the extent plaintiff complains of losing his job in the kitchen at SCI-Rockview, plaintiff's claim must fail because, as an inmate, he has no constitutional right to be employed. The court agrees. The Third Circuit has held that a state inmate does not have a liberty or property interest in prison employment. *Fidtler v. Pa. Dep't of Corr.*, 55 Fed. Appx. 33, 35 (3d Cir. 2002)(citing *Bryan v. Werner*, 516 F.2d 233, 240 (3d Cir. 1975)). As such, the court finds that plaintiff has no constitutional right to employment while in prison, and to the extent his claims arise out of his employment or

9

loss of employment in the kitchen at SCI-Rockview, summary judgment must be granted in favor of defendants.

### C. False Incident Report

Defendants argue that to the extent plaintiff seeks to impose liability upon defendants for their reliance upon a fabricated or unfounded misconduct, defendants are entitled to summary judgment on this claim. The court agrees. Courts in this circuit have repeatedly ruled that a prison guard's alleged issuance of a false misconduct report does not rise to the level of "atypical and significant hardship" upon an inmate. *See, e.g.*, *Gay v. Shannon*, 211 Fed. Appx. 113, 116 (3d Cir. 2006) (issuance of an allegedly false misconduct report does not violate due process); *Rhoades v. Adams*, 194 Fed. Appx. 93, 94-95 (3d Cir. 2006) (same); *Smith v. Mensinger*, 293 F.3d 641, 653 (3d Cir. 2002)(allegation of false disciplinary report resulting in seven months' disciplinary confinement not sufficient to constitute a due process deprivation); *see also* *Sandin*, 515 U.S. at 487 ("The chance that a finding of misconduct will alter the [duration of the sentence] is simply too attenuated to invoke the procedural guarantees of the Due Process Clause."). In *Rhoades*, for example, the plaintiff alleged that Adams filed a false disciplinary report against him and that officials in the chain of command

condoned this action and failed to discipline Adams. The Third Circuit upheld the lower court's dismissal of the complaint, holding that such actions do not comprise a due process violation because they do not constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Rhoades,* 194 Fed. Appx. at 94-95.

In the case *sub judice*, the plaintiff has likewise failed to allege facts supporting the conclusion that he was subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life" as a result of the alleged falsification of an incident report. The plaintiff merely asserts that a false report was created, but he does not allege, and the record does not indicate, that he suffered any out of the ordinary, unusual, or exceptional harm or hardship. Because the issuance of allegedly false misconduct reports does not constitute a constitutional violation in this Circuit, the court finds that plaintiff has failed to state a claim that defendants violated his due process rights. Accordingly, defendants are entitled to summary judgment on this claim.

**D. Grievance Claims**

Defendants argue that to the extent plaintiff complains about the grievance system at SCI-Rockview, the manner in which his grievances were

addressed, or the results of his grievances, these allegations do not rise to the level of a constitutional violation, and as such, defendants are entitled to summary judgment on these claims. The court agrees. *See [Jones v. North Carolina Prisoners's Labor Union, Inc.](), 433 U.S. 119, 137-38 (1977)*(it is well-settled that there is no constitutional right to a grievance procedure). *See also [Burnside v. Moser,]() 138 Fed. Appx. 414, 416 (3d Cir. 2005)*(allegations that Defendants failed to properly process his grievances did not state a claim upon which relief may be granted under 42 U.S.C. §1983). *See also Hart v. Whalen*, No. 08-0828, 2008 U.S. Dist. LEXIS 71960, at *48-49 (M.D. Pa. July 29, 2008)(holding "plaintiff had no right to a grievance process and the decisions of the supervisory defendants[, including the warden,] with respect to plaintiff's BOP Administrative remedy appeals does not state a Constitutional claim against these defendants").

**E. Failure to Transfer**

Plaintiff takes issue with the fact that he was not transferred to another institution after he was released from disciplinary custody, as he was still viewed as a "threat and risk" at SCI-Rockview. However, an inmate has no constitutionally protected liberty interest in his place of confinement, transfer, or classification, or in the particular modes or features of confinement. *Sandin,*

12

515 U.S. at 483. Because the court finds that plaintiff has no constitutional right to be transferred to another institution, defendants are entitled to summary judgment on this claim.

III. RECOMMENDATION[4]

For the reasons elaborated above, **IT IS RECOMMENDED THAT**:

**(1)** Defendants' motion for summary judgment, (Doc. No. 41), be **GRANTED**, and

**(2)** the Clerk of Court be directed to mark this case **CLOSED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**DATE:** February 2, 2010

O:\shared\REPORTS\2008 Reports\08-0924-01.wpd

---

[4] For the convenience of the reader, the court has attached copies of unpublished opinions cited within this document.