# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARK A. ROBINSON,** : | No. 3:08cv924 |
| **Plaintiff** : | |
| : | (Judge Munley) |
| **v.** : | |
| : | |
| **FRANKLIN J. TENNIS,** : | |
| **JOEL S. DICKSON,** : | |
| **LYNN EATON,** : | |
| **JEFFREY RACKOVAN, and** : | |
| **SHARON M. BURKS,** : | |
| **Defendants** : | |

## MEMORANDUM

Before the court is plaintiff's appeal of Magistrate Judge Malachy E. Mannion's decision denying his motion to supplement his complaint, as well as plaintiff's objections to the report and recommendation of Magistrate Judge Mannion, which recommends that summary judgment be granted the defendants. Having been fully briefed, the matters are ripe for disposition.

**Background**

This case arises out of plaintiff's employment at the prison kitchen in the Pennsylvania State Correctional Institution at Rockview ("SCI-Rockview"). (Defendants' Statement of Undisputed Material Facts (Doc. 42) (hereinafter "Defendants' Statement") at ¶ 1). On May 23, 2006, while working in the kitchen,

plaintiff stopped Ms. Johnson, a female staff person, and spoke inappropriately to her.  (Id. at ¶ 2).  Johnson reported these comments to her supervisor.  (Id. at ¶ 3).  Johnson wrote a misconduct report about plaintiff as ordered by her supervisor.  (Id. at ¶ 4).  According to the report, plaintiff told Johnson that he found her "beautiful" and offered to "get something going" with her.  (Id. at ¶ 5).  A romantic relationship between an inmate and a prison employee violates prison rules.  (Id. at ¶ 6).

That same day, the prison issued Misconduct #A902830, charging plaintiff with sexual harassment.  (Id. at ¶ 7).  Johnson's complaint led to placement of Robinson in Administrative Custody pending an investigation and hearing on his alleged misconduct.  (Id. at ¶ 8).  The prison held a misconduct hearing on May 26, 2006.  (Id. at ¶ 9).  Plaintiff pled guilty to the charge and received sixty days in disciplinary custody for this offense.  (Id. at ¶ 10).  Plaintiff also lost his job in the prison kitchen.  (Id. ¶ 11).  The prison thereafter also considered plaintiff a threat to female staff and to the institution.  (Id. at ¶ 12).

Plaintiff filed a complaint on May 13, 2008.  (Doc. 1).  Plaintiff alleges that he was classified a "threat and risk" in 2008 without due process of law.  (Id. at ¶ 1).  This classification, he claims, has "severely limited" his ability to have his sentenced commuted.  (Id. ¶ 4).  That classification has also prevented him from obtaining an institutional job.  (Id. at ¶ 5).  As relief, plaintiff seeks expungement of the May 23, 2006 incident from his record so that he can seek commutation.  He also requests reinstatement to his previous employment and back pay for time missed while in the

SCI-Rockview's restricted housing union. Finally, plaintiff seeks monetary damages.

At the close of discovery the defendants filed the instant motion for summary judgment. After the parties briefed the issue, Magistrate Judge Mannion issued a report and recommendation, advising the court that defendants' motion should be granted. Plaintiff filed the instant objections and a brief in support of them, bringing the case to its present posture.

**Jurisdiction**

Because plaintiff filed his complaint pursuant to 42 U.S.C. § 1983, this court has jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Discussion**

**A. Plaintiff's Appeal**

Plaintiff first appeals the magistrate judge's decision to deny his motion to supplement his complaint. Here, the plaintiff appeals the magistrate judge's non-dispositive order. The standard of review for a non-dispositive order by a magistrate judge is to determine if the magistrate judge's ruling was clearly erroneous or contrary to law. 28 U.S.C. 636(b)(1)(A).

On July 16, 2009, plaintiff filed a motion (Doc. 57) to supplement his complaint. Defendant sought to add to the complaint several officials at SCI-Rockview. He alleged that these individuals had violated the ADA and discriminated

against him, attempted to apply cruel and unusual punishment and attempted to deny him access to the court. In his brief in support of that motion, plaintiff relates that he suffers from an anxiety disorder and needs to be housed in a cell with windows. Plaintiff relates that prison officials were aware of that condition. In June 2009, plaintiff told prison psychologists that he intended to kill himself if not placed in a cell with windows. Despite these threats, administrators placed him in a windowless cell. Plaintiff contends that this failure to provide a safe cell came in retaliation for his filing a federal law suit. Plaintiff also complains that he was placed in restricted forms of custody without justification and without due process.

The magistrate judge concluded that plaintiff should not be allowed to supplement his complaint. He found that the actions about which plaintiff complained in his motion and brief had occurred long after the events that led to the initial complaint and were unrelated to them. As such, the court denied the motion to supplement. Plaintiff then filed the instant appeal.

Federal Rule of Civil Procedure 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." FED. R. CIV. P. 15(d). "Because it refers to events that occurred after the original pleading was filed, a supplemental pleading differs from an amendment, which covers matters that occurred before the filing of the original pleading but were overlooked at the time."

Owens-Illinois, Inc. v. Lake Shore Land Co., 610 F.2d 1185, 1888 (3d Cir. 1979). The determination of whether to allow a supplemental pleading is left to the discretion of the court. Id. "Leave to file a supplemental complaint should be freely permitted in the absence of undue delay, bad faith, dilatory tactics, undue prejudice to defendants, or futility, and when the supplemental facts are connected to the original pleading." Hassoun v. Cimmino, 126 F.2d 353, 361 (D. N.J.. 2000) (citing Quaratino v. Tiffany & Co., 71 F.3d 58, 66 (2d Cir. 1995)).

The court will deny the appeal. The magistrate judge's opinion is neither clearly erroneous nor contrary to law. The magistrate judge determined that the events about which plaintiff complained in his supplemental pleading were not related to the events that led to the original complaint. They had to do with how he was housed, not his contact with prison staff and his access to a particular job in the prison. Thus, allowing plaintiff to supplement the complaint would add a whole new set of allegations and defendants which were unrelated to the original complaint. See Nottingham v. Peoria, 709 F. Supp. 542, 544 (M.D. Pa. 1988) (finding that "a court may deny leave to file a supplemental pleading where that pleading relates only indirectly, if at all, to the original complaint and the alleged cause of action arose out of an entirely unrelated set of facts and related to a defendant not implicated in the original complaint."). Such a supplementation would neither promote efficient or allow a fuller and fairer examination of plaintiff's complaints against the original defendants. This finding did not amount to an abuse of discretion or a clear error of

law. As such, the court will deny the appeal.

**B. Plaintiff's Objections**

Plaintiff has filed objections to the report and recommendation that proposes the court grant summary judgment to the defendants. His objections, however, do not address the substance of the report, but instead complain about the court's decision to allow defendants to file a motion for summary judgment after the court-established deadline for filing such motions and the magistrate judge's decision not to allow him to supplement the complaint. The court will address those issues, but will also address the propriety of the court's recommendation on the motion for summary judgment. That recommendation, after all, proposes the court enter judgment in the defendants' favor.

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

The case comes before this court on a motion for summary judgment. Granting summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

6

there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

7

### i. Timeliness of Defendants' Motion

Plaintiff first complains that the court allowed the defendants to file the instant motion for summary judgment after the deadline for filing such motions had passed. When defendants filed their motion for summary judgment, plaintiff filed a motion to strike. Rather than entertaining this motion, the magistrate judge ruled on the motion for summary judgment.

Plaintiff filed his initial complaint and application to proceed *in forma pauperis* on May 13, 2008. (See Docs. 1, 2). Magistrate Judge Mannion granted the motion to proceed *in forma pauperis* (Doc. 9) and authorized service of the complaint on defendants on May 16, 2008. After defendants answered the complaint, the court established a discovery schedule that made dispositive motions due on March 6, 2009. (See Doc. 19). When defendants did not file any dispositive motions by that deadline, the court scheduled a pre-trial conference. (See Doc. 37). On the day of the pre-trial conference, defense counsel filed a motion for an extension of time to file a motion for summary judgment. (See Doc. 40). The court granted this motion. (Doc. 43). Defendants then filed a motion for summary judgment, which is presently before the court.

Plaintiff's complaint is that the court should not consider the summary judgment motion because it was not filed until after the date originally established by the magistrate judge. The motion was timely filed, however, according to the new schedule established by the court after the defendants filed their motion for an

8

extension of time. The court granted defendants' motion after considering both the potential merits of the proposed motion and lateness of filing, which came on the day of the pre-trial conference. The court concluded that consideration of the potentially meritorious motion was required in order to do substantial justice to the defendants. The court will not revisit that decision at this point. Plaintiff's objections are overruled on this point.

### ii. The Recommendation that Summary Judgment be Granted

The substance of the magistrate judge's report and recommendation is that summary judgment should be granted the defendants on all of plaintiff's claims. The court will address each portion of that recommendation.

### a. Classification Claims

The magistrate judge recommended that the court dismiss all of plaintiff's claims related to his classification as a "threat and risk," finding that plaintiff has no constitutional due process right to a particular classification. Courts have found that a prisoner's "procedural due process rights are triggered by deprivation of a legally cognizable liberty interest. For a prisoner, such a deprivation occurs when the prison 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Mitchell v. Horn, 318 F.3d 523, 531 (3d Cir. 2003) (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)). If "restraints on a prisoner's freedom are deemed to fall 'within the expected perimeters of the sentenced imposed by a court of law,'" then the prisoner does not have a "protected liberty

interest" and the "state owed him no process before placing him in disciplinary confinement." Id. Moreover, "the baseline for determining what is 'atypical and significant' . . . is ascertained by what a sentenced inmate may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law" and that "'discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law.'" Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir 1997) (quoting Sandin, 115 S. Ct. at 2301).

The magistrate judge properly concluded that plaintiff did not have a protectable liberty interest in a particular custody classification and thus could not prevail on his claim. The court will adopt this recommendation. Courts have found that a prisoner "does not have a right under the U.S. Constitution or Pennsylvania state laws or regulations to any specific custody status," and thus cannot prevail on his due process claim based on his placement in a particular status. Oden v. Caison, 892 F. Supp. 111 (E.D. Pa. 1995); see also, Montanye v. Haymes, 427 U.S. 236, 242 (1976); Hewitt v. Helms, 459 U.S. 460, 468 (1983) (finding that "administrative segregation is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration."). Thus, a particular classification is not the type of atypical and significant hardship that would implicate a due process right. The magistrate judge also concluded that, to the extent that plaintiff attempts to raise a claim because he did not receive a hearing

10

before being classified a threat or risk, he could not prevail. Since plaintiff had no constitutional right to avoid such classification, he had no right to process surrounding it. Because, as explained above, the court agrees that plaintiff has no liberty interest in a particular classification, the court will adopt this aspect of the report and recommendation.

### b. Employment

Plaintiff also claims that his rights were violated because the prison's decision that he represented a danger deprived him of the opportunity to obtain prison employment. The magistrate judge concluded that plaintiff could not prevail on this claim because he had no constitutional right to prison employment and thus could not bring a claim pursuant to Section 1983 for being denied work. Courts have held that "[w]e do not believe that "an inmate's expectation of keeping a particular prison job amounts either to a 'property' or 'liberty' interest entitled to protection under the due process clause." Bryan v. Werner, 516 F.2d 233, 240 (3d Cir. 1975); see also, Kantamanto v. King, 651 F. Supp. 2d 313, 330 (E.D. Pa. 2009) (finding that prisoner "does not have a protected liberty or property interest in his law library job arising directly from the Due Process Clause" or from state prison regulations.). Since the plaintiff's complaint here is that he was denied the ability to work in a particular job by virtue of the prison's classification, the court finds that plaintiff had no protected property interest in his job. The court will adopt the magistrate judge's recommendation that summary judgment be granted the defendants on this claim.

11

### c. False Incident Report

Plaintiff also claims that he was subjected to punishment based on a false incident report, and that this violated his due process rights. The magistrate judge recommended that the court grant defendants' summary judgment motion on these claims as well. The Third Circuit Court of Appeals has found that "due process is satisfied where an inmate is afforded an opportunity to be heard and to defend against the allegedly falsified evidence and groundless misconduct. Thus, so long as certain procedural requirements are satisfied, mere allegations of falsified evidence or misconduct reports, without more, are not enough to state a due process claim." Smith v. Mensinger, 293 F.3d 641, 653-54 (3d Cir. 2002). Here, the plaintiff alleges that misconduct reports were falsified, but not that he suffered any extraordinary or exceptional harm as a result. As such, he has not been subject to an atypical and significant hardship and cannot make out a constitutional claim. See, e.g., Rhoades v. Adams, 194 Fed. Appx. 93, 94-95 (3d Cir. 2006) (finding that 15 days in segregation and classification as an increased security risk based on allegedly false reports of misconduct do not constitute a due process violation because "they do not rise to the level of an 'atypical and signficant hardship on the inmate in relation to the ordinary incidents of prison life'") (quoting Sandin, 515 U.S. at 484). The court will adopt the report and recommendation and grant summary judgment on this claim.

### d. Grievance Process

Plaintiff also complains about the fairness of the grievance procedures at SCI-Rockview. The magistrate judge recommends that those claims be dismissed, as courts have found no constitutional right to grievance procedures. The court agrees that failure to follow grievances procedures cannot create a due process claim. Courts have concluded that "inmate grievance procedures, in themselves, do not confer a liberty interest protected by the due process clause in the inmate grievance procedures." Rhoades, 194 Fed. Appx. at 95; see also, Burnside v. Moser, 138 Fed. Appx. 414, 416 (3d Cir. 2005) (finding that "[i]nmates do not have a constitutionally protected right to the prison grievance process."); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) ("When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance."); Hoover v. Watson, 886 F.Supp. 410, 418-19 (D. Del. 1995). The court will therefore adopt the report and recommendation on this point and grant summary judgment to the defendants on all of plaintiff's claims related to the grievance process.

### iii. Recommendation that the Case be Marked Closed

Plaintiff next objects to the magistrate judge's recommendation that the case be marked closed. He contends that he filed a motion to supplement the complaint, but Magistrate Judge Mannion did not issue a report and recommendation on the issue. As such, the magistrate judge should not have recommended that the case

13

be closed. He should instead have ruled on that motion.

The court will overrule this objection. The magistrate judge ruled on this motion to supplement the complaint. (See Doc. 73). The plaintiff appealed this non-dispositive decision, and the court has now ruled on that appeal. Moreover, the magistrate judge recommended that the defendants be granted summary judgment on all of plaintiff's claims. Since the court will adopt that recommendation, the case would be properly closed.

**Conclusion**

For the reasons stated above, the court will deny plaintiff's appeal and overrule his objections to the report and recommendation. The court will adopt that report and recommendation and grant the defendants' motion for summary judgment. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK A. ROBINSON,** | : | No. 3:08cv924 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| **v.** | : | |
| **FRANKLIN J. TENNIS,** | : | |
| **JOEL S. DICKSON,** | : | |
| **LYNN EATON,** | : | |
| **JEFFREY RACKOVAN, and** | : | |
| **SHARON M. BURKS,** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, to wit, this 4th day of March 2010, the plaintiff's appeal (Doc. 80) of the magistrate judge's opinion denying plaintiff's motion to supplement the complaint (Doc. 71) is hereby **DENIED**. The plaintiff's objections (Doc. 86) to the report and recommendation of Magistrate Judge Malachy E. Mannion (Doc. 85) are hereby **OVERRULED**. The report and recommendation is hereby **ADOPTED**. The defendants motion for summary judgment (Doc. 41) is hereby **GRANTED**. The plaintiff's motion to stay court proceedings (Doc. 82) is hereby **DENIED AS MOOT**. The Clerk of Court is directed to **CLOSE** the case.

**BY THE COURT:**

15

s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**UNITED STATES DISTRICT COURT**